MICHELE BECKWITH
Acting United States Attorney
ANTONIO J. PATACA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>VICTOR ROMERO GALVAN,<br><br>        Defendant. | CASE NO. 1:20-CR-00161-JLT-SKO<br><br>STIPULATION AND ORDER TO VACATE STATUS CONFERENCE AND SET CHANGE OF PLEA HEARING |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant VICTOR ROMERO GALVAN, by and through defendant's counsel of record, Daniel Harralson, and hereby stipulate as follows:

1. By previous order, this matter was set for status on March 5, 2025.

2. By this stipulation, the parties now move to vacate the status conference and set a change of plea hearing for March 10, 2025, and to exclude time between March 5, 2025, and March 10, 2025, under Local Codes T2 and T4.

3. The parties agree and stipulate, and request that the Court find the following:

  a) The government has represented that the discovery associated with this case includes over 14,000 pages of Bates stamped discovery and numerous wiretap recordings. The majority of the discovery has been either produced directly to counsel and/or made available for

inspection and copying. Supplemental discovery has also been produced.

      b)      There was a change in counsel and defendant Galvan has new counsel as of July 2024.

      c)      Counsel for defendant desires additional time to consult with his client, to prepare for the change of plea hearing, and prepare for sentencing.

      d)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

4.      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 5, 2025 to March 10, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] and 18 U.S.C. § 3161(h)(7)(A), B(ii) [Local Code T2], because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: February 10, 2025

MICHELE BECKWITH
Acting United States Attorney

/s/ ANTONIO J. PATACA
ANTONIO J. PATACA
Assistant United States Attorney

Dated: February 10, 2025
/s/ DANIEL HARRALSON
DANIEL HARRALSON
Counsel for Defendant
VICTOR ROMERO GALVAN

**ORDER**

IT IS SO ORDERED.

Dated: 2/10/2025

*Sheila K. Oberto*
THE HONORABLE SHEILA K. OBERTO
UNITED STATES MAGISTRATE JUDGE